UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC T. DREW,

        Plaintiff,                              Civil Action No.
                                            13-CV-11460
vs.

                                            HON. MARK A. GOLDSMITH
ENTERPRISE LEASING
OF DETROIT, LLC, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA
PAUPERIS AND DENYING WITHOUT PREJUDICE APPLICATION FOR
APPOINTMENT OF COUNSEL**

This matter is presently before the Court on (i) Plaintiff's application to proceed in forma pauperis (Dkt. 2) and (ii) Plaintiff's application for appointment of counsel (Dkt. 3).  For the reasons that follow, the Court will grant Plaintiff's application to proceed in forma pauperis and deny without prejudice Plaintiff's application for appointment of counsel.

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ."  The Court has reviewed Plaintiff's application to proceed in forma pauperis (Dkt. 2) and Plaintiff's financial affidavit (Dkt. 3), which indicate that Plaintiff owns a home worth $141,500 with mortgage debt totaling $135,000; that Plaintiff owns a car worth $2,100 with automobile financing debt of $3,122.12; that Plaintiff is unemployed; that Plaintiff received a total of $1,264.00 in unemployment compensation in the past 12 months; and that Plaintiff has a total of $126.74 in bank accounts.  Application at 1-2

1

(Dkt. 2); Financial Affidavit at 2 (Dkt. 3). The Court is satisfied that Plaintiff is indigent and that prepayment of the filing fee would cause an undue financial hardship. The Court grants Plaintiff's application and permits Plaintiff to file his complaint without prepaying the filing fee.

The Court has also reviewed Plaintiff's application for appointment of counsel (Dkt. 3). A district court has discretion to decide whether to appoint counsel for an indigent civil litigant. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993). Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances." Id. at 606 (citations omitted). In determining whether exceptional circumstances exist, a court considers the "complexity of the factual and legal issues involved" and the plaintiff's ability to represent himself. Id. (citation and quotation marks omitted). Plaintiff has not explained what exceptional circumstances would justify appointment of counsel, and upon review of the complaint, the Court finds none. For this reason, the Court denies without prejudice Plaintiff's application for appointment of counsel.

SO ORDERED.

Dated: April 8, 2013                        s/Mark A. Goldsmith
       Flint, Michigan                      MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2013.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager