UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC T. DREW,

    Plaintiff,                                 No. 13-11460

v.                                              District Judge Mark A. Goldsmith
                                                  Magistrate Judge R. Steven Whalen

ENTERPRISE LEASING OF
DETROIT, LLC, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On March 29, 2013, Plaintiff Eric T. Drew filed a *pro se* civil complaint alleging that he was terminated from his employment with Defendant Enterprise Leasing of Detroit, LLC ("Enterprise") for racially discriminatory reasons, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003-5(g). Defendant Wendy Cloutier has not been served. However, because Plaintiff's complaint does not contain any allegations against Cloutier, I recommend that she be DISMISSED *sua sponte* under Fed.R.Civ.P. 12(b)(1).

                                    **I.    FACTS**

On February 27, 2015, I filed a Report and Recommendation ("R&R")[Doc. #38] in which I recommended that Defendant Enterprise's motion for summary judgment be

granted. On March 17, the Court accepted and adopted the R&R, and dismissed Defendant Enterprise [Doc. #39].

The Plaintiff's form complaint alleges, in bare-bones fashion, that his employer, Defendant Enterprise Leasing of Detroit, LLC, engaged in acts of harassment and discrimination based on race from June 2, 2011 to October 4, 2011, culminating in the termination of his employment. He alleges "constant harassment & retaliation for filing a grievance against the operation's manager and also receiving adverse treatment & discipline as opposed to other races of individuals." Although ¶ 11 of the complaint states that a copy of Plaintiff's charge to the EEOC is attached, no such document was filed with the complaint. Only the EEOC's right to sue letter is attached. The EEOC indicated that Wendy Cloutier was copied on the right to sue letter. Throughout these proceedings, Plaintiff has maintained that an Enterprise manager, C.J. Stachecki, made the decision to fire him. He claims that Stachecki suspended him in June 2011 in retaliation for his having filed a grievance through his union. His claim of hostile work environment centers on statements and actions by Stachecki.

Other than naming her as a Defendant in the caption, however, the complaint does not contain any allegations specific to Wendy Cloutier.

## II.   STANDARD OF REVIEW

Where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss

a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### III. DISCUSSION

Plaintiff's claim that Enterprise fired him, or that he suffered other forms of discrimination or harassment on account of his race, was rejected in my previous R&R, which was adopted by the Court. But apart from the fact that the Court has found that Plaintiff failed to establish triable issues of material fact as to Enterprise–which would imply that Enterprise's employees did not act in a discriminatory fashion–the complaint contains absolutely no facts that would plausibly show that Defendant Cloutier violated any of Plaintiff's rights. Indeed, the complaint does not even mention Cloutier, other than naming her in the caption.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the

allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained the "plausibility" standard as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974). *See also Moore v. Prevo*, 2013 WL 5176759, *5 (W.D.Mich. 2013)("Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro*

*se* complaints")(citing *Iqbal*); *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").

On its face, this complaint contains no allegations, much less plausible allegations, against Defendant Cloutier, and thus it "lacks arguable basis in either law or fact," *Neitzke v. Williams*, 490 U.S. at 325, rendering it "implausible" and "devoid of merit." *Apple v. Glenn*, 183 F.3d at 479. As such, the Court can and should *sua sponte* dismiss the complaint as to Cloutier under Fed.R.Civ.P. 12(b)(1).

## IV. CONCLUSION

I therefore recommend that the Court *sua sponte* dismiss Defendant Wendy Cloutier pursuant to Fed.R.Civ.P. 12(b)(1).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 7, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager
